16-3515
*United States v. Zayas*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 24th day of September, two thousand eighteen.

Present:
> ROBERT A. KATZMANN,
> *Chief Judge*,
> RAYMOND J. LOHIER, JR.,
> *Circuit Judge*,
> TIMOTHY C. STANCEU,
> *Judge.*[*]

---

UNITED STATES OF AMERICA,

    *Appellee*,

      v.                                            No. 16-3515

PEDRO RIVERA, AKA Chetio, RICARDO DAVILA MERCADO, AKA Voltio, JUAN J. RIVERA ORTIZ, AKA Cheo, IVETTE PEGAN RODRIGUEZ, AKA Ivy, FRANKIE RIVERA, ORLANDO GONZALEZ ROMAN, AKA BeBo, JUAN G. CHEVEREZ, AKA Guinchi, JUAN HERNANDEZ, AKA Johnny, AKA Enano, AXEL MATTA-FIGUEROA, AKA Joelito, PEDRO GIL RIVERA ORTIZ, AKA Gil, JUAN L. CHEVEREZ, AKA Bolillo, JOSE VALENTIN SANCHEZ, JEAN NEGRON, AKA

---

[*] Timothy C. Stanceu, Chief Judge of the United States Court of International Trade, sitting by designation.

1

Pollo, HECTOR HERNANDEZ, JR., JULIO MADERA FREYTES, JULIO OTERO, LANDON CLARKE, EDGARDO CENTENO, ADDISMALICB ROSARIO, AKA Adi, OSCAR VALENTIN, AKA Tato, ANGEL COLLAZO GARCIA, AKA Yuyo,

*Defendants*,

LUIS ZAYAS, AKA Guichan,

*Defendant-Appellant*.

───────────────────────────────

For Appellant:                         Marsha R. Taubenhaus, Law Offices of Marsha R. Taubenhaus, New York, NY.

For Appellee:                         Lauren C. Clark (Sandra S. Glover, *of counsel*), Assistant United States Attorneys, *for* John H. Durham, United States Attorney for the District of Connecticut, New Haven, CT.

Appeal from a judgment of the United States District Court for the District of Connecticut (Bryant, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Luis Zayas, who pleaded guilty to conspiracy to possess with intent to distribute cocaine in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846, appeals from a judgment of the district court (Bryant, *J.*) sentencing him to 85 months' imprisonment and five years' supervised release. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Zayas's primary contention on appeal is that the district court erred in finding him responsible for at least five kilograms of cocaine and therefore miscalculated the Sentencing Guidelines range applicable to his offense. *See United States v. Cavera*, 550 F.3d 180, 190 (2d

Cir. 2008) ("A district court commits procedural error where it . . . makes a mistake in its Guidelines calculation . . . ."); U.S.S.G. § 2D1.1(a)(5), (c), app. A (providing that the base offense level for a drug conspiracy is determined by the type and quantity of drugs involved in the offense).

"The quantity of drugs attributable to a defendant is a question of fact," which is for the district court to determine by a preponderance of the evidence. *United States v. Jones*, 531 F.3d 163, 175 (2d Cir. 2008). Where, as here, "there is no drug seizure or the amount seized does not reflect the scale of the offense, the court shall approximate the quantity of the controlled substance." U.S.S.G. § 2D1.1 Application Note 5. "When a district court makes a finding of fact with respect to the amount of drugs attributable to a defendant, we review that finding for clear error." *United States v. Batista*, 684 F.3d 333, 344 (2d Cir. 2012) (quoting *United States v. Ramirez*, 609 F.3d 495, 503 (2d Cir. 2010)).

In describing the offense conduct of the conspiracy in which Zayas participated, the Presentence Investigation Report (PSR) referenced quantities of cocaine distributed by the conspiracy, as evidenced by seized packages of cocaine, drug ledgers, and discussions about drugs and drug proceeds during wiretapped phone conversations. Following an evidentiary component of the sentencing hearing, during which a law enforcement officer testified to Zayas's participation in the conspiracy, the district court adopted the factual findings of the PSR and found that Zayas was responsible for at least five but not more than fifteen kilograms of cocaine.[1]

---

[1] Zayas did not object to the factual findings contained in the PSR, but only to the ultimate drug quantity calculation and the conclusion that certain references in wiretapped conversations concerned drugs.

Zayas's arguments that this finding is clearly erroneous are unavailing. First, he contends that he should not be considered responsible for drug quantities stemming from transactions in which he did not personally participate. But where a defendant is convicted of conspiracy his base offense level is based on "all acts and omissions of others" that occurred during the conspiracy and were "within the scope of," "in furtherance of," and "reasonably foreseeable in connection with that criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). That means that the Guidelines attribute to Zayas all "reasonably foreseeable" quantities of cocaine distributed by the conspiracy. *See, e.g.*, *United States v. Payne*, 591 F.3d 46, 70 (2d Cir. 2010) ("[The defendant] was accountable for all reasonably foreseeable quantities of crack distributed by the conspiracy of which he was a member." (internal quotation marks omitted)). The question, then, is whether Zayas could reasonably foresee the distribution of at least five kilograms of cocaine by the conspiracy. We find no error in the district court's conclusion that he could, given his role in the conspiracy. There was ample support for the district court's finding that Zayas was a "close associate of Mr. Rivera," and that he had a "central role in being the go-between for the Puerto Rican suppliers of the drugs and Mr. Rivera," App. 168, as Zayas talked extensively with Rivera about trafficking kilogram quantities of cocaine and did the same with Rivera's supplier, Balto.

Second, Zayas objects to the use of seized drug ledgers to estimate drug quantity. While he concedes that notations reflecting drug proceeds can be used to calculate drug quantity based on the market price for the type of drugs in question, he argues that there was not "any evidence" about the market price of cocaine to support the district court's calculation. Appellant's Br. 42. That is incorrect: in multiple wiretapped conversations, Zayas and his interlocutor made apparent references to the market price of cocaine, which ranged from $30 to $34 per gram. In light of that evidence, and without identifying any evidence demonstrating a different market price, Zayas

4

cannot show that the district court's use of a conservative estimate of $45 per gram in calculating drug quantity from the ledgers was clear error.[2]

Third, Zayas argues that it is improper to estimate drug quantity by extrapolating from the quantity of cocaine contained in seized packages and the fact that he received other suspicious packages (*i.e.*, by assuming that those other packages contained roughly the same amount of cocaine as the seized packages). While we have disapproved of similar instances of extrapolation in the past, *see, e.g.*, *United States v. Shonubi*, 998 F.2d 84, 89–90 (2d Cir. 1993), we need not address this objection here. That is because the district court's findings are sufficient to show that the conspiracy distributed more than five kilograms of cocaine without any such extrapolation, merely by adding the quantities produced by the seized packages, the drug ledgers, and conversations about drugs and drug proceeds.

Fourth, Zayas objects to the inference that his lack of any other significant means of support during the time of the conspiracy besides income from drug trafficking demonstrated that he derived substantial proceeds from drug dealing. But the district court's discussion of this consideration during the sentencing hearing does not suggest that the court relied on such an inference. Moreover, as with the extrapolation of quantities from unseized packages, this inference is unnecessary to sustain the drug quantity finding.

Thus, we conclude that the drug quantity finding was not clearly erroneous and that Zayas has failed to demonstrate procedural error in the calculation of his Guidelines range.

---

[2] When calculating drug quantity based on cash value and per-unit price, assuming a higher per-unit cost will produce a lower drug quantity. Thus, the use of a $45 per gram price rather than, say, a $30 per gram price is advantageous to the defendant because it calculates a lower drug quantity given the same amount of proceeds.

Zayas's other contention on appeal is that his sentence was both procedurally and substantively unreasonable because the district court did not adequately consider, nor impose a sentence that was appropriate in light of, his complete lack of criminal history. "We review a sentence for procedural and substantive reasonableness under a 'deferential abuse-of-discretion standard.'" *United States v. Singh*, 877 F.3d 107, 115 (2d Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)).

As to procedural reasonableness, and specifically the requirement that a district court must "consider the § 3553(a) factors" when imposing a sentence, *Cavera*, 550 F.3d at 190, Zayas argues that the district court failed to acknowledge his lack of criminal history, which bears on the "history and characteristics of the defendant," "just punishment," and "adequate deterrence," 18 U.S.C. § 3553(a)(1), (a)(2)(A)-(B). But "the law does not impose any rigorous requirement of specific articulation on sentencing judges with respect to their consideration of § 3553(a) factors." *United States v. Verkhoglyad*, 516 F.3d 122, 131 (2d Cir. 2008) (internal quotation marks omitted). In any event, the district court did specifically state, in the context of calculating Zayas's criminal history category, that "[t]he Defendant ha[s] no criminal history whatsoever." App. 171; *see United States v. Truman*, 581 F. App'x 26, 32 (2d Cir. 2014) (summary order) (concluding that the district court adequately took into account the defendant's lack of criminal history "in the calculation of the Guidelines range, which was specifically mentioned by the court"). We therefore find no procedural error.

In contending that his 85-month sentence was substantively "greater than necessary," 18 U.S.C. § 3553(a), Zayas argues that a less severe sentence would be sufficient to adequately punish and deter an offender like himself, namely a first-time offender who is older and has never before been arrested. While a district court surely may, in its discretion, take such

6

considerations into account, we deem a sentence substantively unreasonable "only in exceptional cases where the trial court's decision cannot be located within the range of permissible decisions." *Cavera*, 550 F.3d at 189 (internal quotation marks omitted). Zayas's sentence—for playing a significant role in a conspiracy that imported and distributed relatively large quantities of cocaine—does not meet this standard, as it is not "so 'shockingly high, shockingly low, or otherwise unsupportable as a matter of law' that allowing [it] to stand would 'damage the administration of justice.'" *United States v. Broxmeyer*, 699 F.3d 265, 289 (2d Cir. 2012) (quoting *United States v. Rigas*, 583 F.3d 108, 123 (2d Cir. 2009)). We therefore find no substantive error in Zayas's sentence.

We have considered all of Zayas's contentions on appeal and have found in them no basis for reversal. For the foregoing reasons, the judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk